## Savilla T. Smith and Cyrus Wolf, Executors of Levi Smith, deceased, *v.* Lebanon, Appellant.

*Road law—Trespass—Res adjudicata.*

Where proceedings of road viewers have been regularly had and their report confirmed, the legality of such proceedings cannot be raised by a party litigant therein, in an action of trespass arising from the location of the same lines.

*Road law—Trespass—Damages—Charge of court.*

There being some evidence of trespass by a city in adjusting the line of a street which had been widened, it is proper to submit the case to the jury, but inadvertent reference by the court to the claim as if in some of its aspects it was one for damages for a taking of land for public use is error, as tending to mislead the jury as to their powers in determining the question of fact.

Argued March 11, 1898. Appeal, No. 30, March Term, 1898, by defendant, from judgment of C. P. Lebanon Co., on verdict for plaintiffs. Before RICE, P. J., WICKHAM, BEAVER, REEDER, SMITH and PORTER, JJ. Reversed.

Trespass. Before SIMONTON, P. J., of the 12th judicial district, specially presiding.

It appears from the evidence that proceedings were had to view and ascertain damages done and benefits accrued by reason of the widening of Church street between Partridge alley and Ninth street in the city of Lebanon. The report of the viewers was formally confirmed and no appeal was taken before the end of the thirty days allowed by law. By the report of the viewers they awarded to the plaintiffs "no damages for the reason that the land or property taken is fully compensated for by the advantages to the said estate by reason of the said improvement." Subsequently as appears by the record plaintiffs brought this action of trespass alleging that the city placed plaintiffs' fence back beyond the line upon which the street was opened and widened.

The jury rendered a verdict for plaintiff for $471.67 and the court after argument of the reasons for a new trial, refused to correct the verdict or allow a new trial provided that the plaintiffs reduced the verdict to $150.

VOL. VIII—31

Verdict and judgment for plaintiffs for $150. Defendant appealed.

*Errors assigned* among others were (1) in charging the jury that there was evidence of a taking or of an intention to take on the part of the city of the lands of plaintiffs. (2) In charging the jury that there was evidence that the fence was placed back beyond the line of the street as laid out by the viewers. (3) In charging the jury that " this action was brought claiming damages for the taking of certain ground in front of the plaintiffs' house." (7) In charging the jury that "if the city is claiming to take that land and to take possession of it and to turn the plaintiff out of it, and to either cut down the corner of the house or make her remove it, then she is entitled to whatever damages that would, in your fair judgment, amount to." (8) The whole charge is based upon erroneous propositions of law and fact.

*W. D. Fisher*, for appellant.—The court below committed an error in submitting the case to the jury on the theory that damages could be claimed in this form of procedure for the taking of land by the city: Keil v. Gas Co., 131 Pa. 466.

No damages can be recovered in this action for "intending to take land" nor is it the law that the damages awarded by a jury in an action of trespass, when paid, give the defendant the lawful right to cut down the corner of the plaintiff's house. Every witness called by the plaintiff to prove damages based his testimony upon the taking of four and a half feet of ground at so much per foot, and considered the property damaged by reason of the taking. Where the title is intended to be acquired the statutory proceedings can only be employed.

*T. H. Capp*, of *Capp & Shock*, with him *C. R. Lantz*, for appellees.—An examination of the record will show that all the elements mentioned as wanting in Keil v. Gas Co., 131 Pa. 466, exist in this case, were declared for and are established by proof.

OPINION BY PORTER, J., October 24, 1898:

This action is for damages for a trespass on the plaintiff's lands. It is not a proceeding on condemnation to liquidate the

damages for a taking of land for public use. On the trial the plaintiff set up that the proceedings previously had to widen the street upon which her property abutted, were void in law, and, therefore, the entering upon the land by the defendant to carry the widening into effect, was in fact a trespass for which she was entitled to damages. This proposition was rightly disposed of by the trial judge. The proceedings of the viewers were held to be regular and the present plaintiff was a party litigant therein. The question of the legality of those proceedings could and should have been raised then. The road sought to be widened was in existence physically. True it had by an act of assembly been declared vacated, but the adjustment of the party lines therein provided to be made had never been accomplished or attempted. The continuous use of the road by the public was sufficient ground upon which to base the proceedings to widen, in the absence of any complaint by the parties in interest. On this presentation the plaintiff had no case to submit to the jury on the question of trespass.

The testimony of the city engineer was, however, permitted to be offered in rebuttal. This disclosed somewhat indefinitely that the defendant in widening the street had not followed the lines of the plan attached to the report of the jury of view, but had in setting back her fence encroached upon the plaintiff's property. This was some evidence of an actual trespass and led to the trial judge submitting the case to the jury. In doing this, however, he inadvertently referred to the claim as if in some of its aspects it was one for damages for a taking of land for public use. This tended to mislead the jury as to their powers in determining the question of fact. There is but one proper way by which a municipality can condemn land to be used as a public highway, and that is by the proceeding provided by legislation. This, as we have said, is not such a proceeding.

We are of the opinion that the rights of the parties will be better determined by remitting this case for a new trial, when all the facts may be put before the court in a more intelligible and orderly manner than they were on the former trial.

The judgment is therefore reversed and a venire facias de novo awarded.